UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| FARDAD SABETPOUR, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 19-10030 (KM) (MAH) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| DEBORAH MARTINEZ, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

In April 2019, pro se plaintiff Fardad Sabetpour (1) filed a complaint alleging claims under 42 U.S.C. § 1983 against approximately 30 state and county law enforcement defendants (DE 1), and (2) moved to proceed *in forma pauperis* ("IFP") (ECF No. 1-2). I granted Sabetpour's IFP motion that month (DE 2), and advised that I would screen the complaint, as required by 28 U.S.C. § 1915A(a), in due course. DE 2. In August 2021, I screened the complaint, dismissed it in part, and allowed it to proceed in part. DE 4. The Office of the Clerk mailed U.S. Marshals Service ("USMS") 285 forms to Sabetpour advising him that to serve the complaint on the defendants through the USMS, he must complete and return the forms to the Clerk within 30 days (DE 6). My April 2019 order, my August 2021 opinion and order, and the 285 forms were mailed to Sabetpour at 384 Main Street, Orange, NJ 07051 (the "address of record").

I take judicial notice that the address of record, 384 Main Street, turns out to be the street address of the Orange, NJ, Post Office. Mr. Sabetpour has never given any indication of that.

On September 9, 2021, my August 2021 opinion and order and the USMS 285 forms, which had been mailed to the address of record, were returned as undeliverable. DE 7. On

September 22, 2021, I dismissed the complaint without prejudice for failure to prosecute, in that there did not seem to be a street and post office address at which the plaintiff could be contacted, as required by local rule, making further litigation of the action impracticable.[1]

Almost two years later, on July 11, 2023, Sabetpour, unprompted, filed a handwritten letter, which stated in its entirety: "I, Fardad Sabetpour, in case # 2:19-cv-10030 have a mailing address, at 384 Main Street Unit #1688, Orange, NJ 07051" (underline in original). DE 9. This I take to be an acknowledgement that the address of record was incomplete, because it omitted the "unit" number. Since 384 Main Street is, as we have now learned, is the street address of the Orange Post Office; "unit" 1688 presumably is meant to designate a post office box. It appears that Mr. Sabetpour, for reasons not explained, has not furnished his actual residence street address, but only a post office box, designated misleadingly in a way that would suggest a residential "unit."

The source of the mixup is unclear. Local Rule 10.1 requires that the initial pleading in any action "shall state in the first paragraph the street and post office address of each named party to the case . . . ." It is true that the initial pleading, *i.e.,* the handwritten complaint, does not disclose the address of record in the first paragraph, as required. Looking back, I see that the signature block at the end of the complaint includes the notation "PMB #1688." (DE 1 at 145) "PMB," however, is a standard abbreviation for a private mail service mailbox, not a post office mailbox. *See* USPS website, "Private Mailbox Addresses," https://pe.usps.com/text/pub28/28c2_040.htm  The enigmatic nature of that notation, combined with Mr. Sabetpour's apparent failure to comply strictly with the local rule, may have contributed to the confusion.

---

[1]    *See* L. Civ. R. 10.1 ("[U]nrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk. Failure to file a notice of address change may result in the imposition of sanctions by the Court.")

None of these anomalies were brought to my attention at the time. In my September 22, 2021 Order of Dismissal, I dismissed Sabetpour's complaint without prejudice for failure to prosecute. DE 8. This would not properly have been a dismissal under Federal Rule of Civil Procedure 41, which would have required an analysis of the *Poulis* factors.[2] *See Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Collura v. Ford*, No. 19-2918, 2021 WL 2946468, at *2 (3d Cir. July 14, 2021) ("Ordinarily, a district court must consider the *Poulis* factors before sua sponte dismissing a suit as a sanction.").[3] Rather, the dismissal was based on a failure to comply with the mandate of Local Rule 10.1 that a litigant initially provide a street and post office address and update the Court with any changes within seven days. *See* A.Z. Lite, N.J. Fed. Prac. R. 10.1, Comment, and cases cited (2022 ed.). Thus I intended for this dismissal to be without prejudice to further proceedings if and when the plaintiff informed the Court of his correct address. That is, I intended the equivalent of administrative termination, as would be the ordinary practice in the case of a litigant's failure to

---

[2] The factors set forth in *Poulis* are as follows: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. An actual dismissal for failure to prosecute would have required an analysis of those factors.

[3] Here, the complaint, filed in April 2019 (DE 1), contains allegations dating back as early as 2017 (*id.* at 4), and was not dismissed until September 2021 (more than 2 years later) (DE 8). Thus, with an actual dismissal with the necessary *Poulis* findings, the statute of limitations might well have continued to run on certain, if not all, of Sabetpour's claims. *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("A [§] 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims," which in New Jersey is two years); *see also* N.J. Stat. Ann. § 2A:14–2. An outright dismissal, even without prejudice, would therefore prevent Sabetpour from re-filing those claims because they would be time-barred. *Core Commc'ns, Inc. v. Verizon Pa., Inc.*, 493 F.3d 333, 337 (3d Cir. 2007); *Brennan v. Kulick*, 407 F.3d 603, 606–07 (3d Cir. 2005).

receive mailings, and which does not require a *Poulis* analysis.[4] *See A.Z. Lite,* N.J. Fed. Prac. R. 10.1 (2022 ed.) (Comment and cases cited).

On September 7, 2023, i.e., about two years after I dismissed the complaint, Sabetpour filed a letter requesting that the Court "reinstate" his case because he "never received any mail regarding this matter." DE 10 at 1. I have determined that the dismissal of the complaint resulted from the address mixup and that Mr. Sabetpour's delay, though quite lengthy, is excusable.

I view the case liberally in light of Mr. Sabetpour's pro se status. Several factors weigh in favor of leniency in reopening the case: (1) Sabetpour's failure to receive any of the orders entered in the case; (2) the cause of his failure to receive mail being an unintentional inaccuracy in his address, whether by the clerk, Mr. Sabetpour, or some combination of the two; (3) the length of time, during the COVID pandemic, during which the case remained inactive for screening making it burdensome for Sabetpour to regularly monitor the docket; and (4) my own possible compounding of the confusion by dismissing the matter outright without a *Poulis* analysis, rather than administratively terminating it. I will therefore vacate the order of dismissal and direct the Clerk to reopen the proceedings.

---

[4] Administrative termination is defined as "an administrative closing that has no legal consequence other than to remove that case from the district court's active docket." *See Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 128 (3d Cir. 2004); *see id.* at 127 ("Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication.") (quoting *Lehman v. Revolution Portfolio L.L.C.*, 166 F.3d 389, 392 (1st Cir. 1999)).

**ORDER**

Accordingly, **IT IS** this 14th day of September, 2023

**ORDERED** that the Court's September 22, 2021 Order of Dismissal (DE 8) is **VACATED**; and it is further

**ORDERED** that the Clerk of the Court shall **REOPEN** these proceedings;

**AND IT IS FURTHER ORDERED** that the Clerk of the Court shall forthwith serve on Mr. Sabetpour a copy of this Order by regular U.S. mail at his current address of record;

**AND IT IS FURTHER ORDERED** that the Clerk of the Court shall forthwith serve on Mr. Sabetpour a copy of this Order, as well as docket entries 2–8, including the blank U.S. Marshals Service ("USMS") 285 forms, by regular U.S. Mail at the following address, which appears to be most likely to be effective:

U.S. Post Office, 384 Main Street
P.O. Box 1688
Orange, NJ 07051

**AND IT IS FURTHER ORDERED** that, within 30 days after entry of this Order, Sabetpour shall provide the Court with the following addresses, **using standard abbreviations and in acceptable form for delivery by the U.S. Postal Service**:

(1) his full residence street address, and

(2) his current Post Office box mailing address.

.                               /s/ Kevin McNulty
                                _____
                                Kevin McNulty
                                United States District Judge